

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. J. A. Hill
President, The West Texas
State Teachers College
Canyon, Texas

Dear Sir:

Opinion No. O-2684
Re: Authority of West Texas
State Teachers College to
furnish correspondence courses
to colored students

We are in receipt of your letter of October 30, 1940,
requesting the opinion of this Department, which reads as follows:

"We have application for correspondence work from a
student in the Prairie View State Normal. I should like to
have your opinion as to the legality of our handling this
application. I understand, of course, that colored students
are not permitted to attend the state institutions of higher
learning for the white, but I do not know about correspon-
dence work. I shall thank for your opinion in this connec-
tion."

There have been established in Texas from time to
time, various institutions of higher learning, among which are
a number of State Teachers Colleges, formerly known as normal
colleges. Such colleges have been established for the training
of both white and colored teachers.

By Acts 1879, page 181, the Legislature provided for
the establishment of Prairie View State Normal in the following
language:

"Sec. 1. Be it enacted by the Legislature of the
State of Texas, That there shall be established at Prairie
View (formerly called Alta Vista), in Waller County, in
this State, a normal school for the preparation and train-
ing of colored teachers."

Hon. J. A. Hill, page 2

The name of such school was designated as "Prairie View State Normal and Industrial College" by Acts 1899, page 325, and provision has been made for the maintenance, support and government of such school for the training of colored teachers and "for receiving such number of students of both sexes as the school can best accomodate." See Articles 2638 to 2643, R. C. S. 1925.

The West Texas State Normal College was established by the 31st Legislature, Acts 1909, page 235, which act reads in part as follows:

"Section 1. That a State Normal School for the education of white teachers is hereby established at a place in Texas and located west of the 98th meridian. The name of said normal school shall be the West Texas State Normal College." (Emphasis added)

By Acts 1923, page 341, the name of the West Texas State Normal College was changed to "West Texas State Teachers College."

The 1925 Revision of the Civil Statutes of Texas does not carry forward and set out in full all the acts establishing the various State Teachers Colleges in Texas, but it is provided in Article 2644, R. C. S. 1925, as follows:

"Except as herein provided, all laws establishing State Teachers Colleges or normal institutes for the training of white teachers providing for their government, control and maintenance are continued in force, and all such colleges which are or may be established by law shall be under the general control and management of the Board of Regents of the State Teachers Colleges."

Article 2647, R. C. S. 1925, as amended, enumerates the powers and duties of the Board of Regents of such colleges, and without referring in detail to the provisions thereof, we note that it is clearly contemplated that such State Teachers Colleges are for the education of white persons.

From a consideration of the foregoing acts, and the various statutes applicable to the West Texas State Teachers College and Prairie View State Normal and Industrial College, it becomes apparent that it was the legislative intent to provide the West Texas State Teachers College for the education of white persons, and the Prairie View State Normal & Industrial College for the education of colored persons; each separate and

independent and having a separate sphere in which it might conduct its activities, the facilities of Prairie View State Normal and Industrial College being confined to the education of colored persons and West Texas State Teachers College to white persons. The proper determination of your question, in our opinion, does not depend so much upon whether a student of one race "attends" a school for the other race, but whether West Texas State Teachers College has statutory authorization to devote its funds and facilities to the education of other than the white race.

It is our opinion that West Texas State Teachers College is not authorized to devote its funds and facilities to the education of colored students or teachers, either through attendance or by correspondence courses, its powers having been limited by its charter and applicable statutes.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By    *Cecil C. Cammack.*

Cecil C. Cammack
Assistant

CCC:AMM

APPROVEDDEC 6, 1940

*R W Fairchild*

*acting* ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY [signature]
CHAIRMAN